UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 6, 2014

LETTER TO COUNSEL:

RE:   *Stephen Jay Czajkowski v. Commissioner, Social Security Administration*;
      Civil No. SAG-13-3261

Dear Counsel:

On November 4, 2013, the Plaintiff, Stephen Jay Czajkowski, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 21, 23. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions and remand the case to the Commissioner. This letter explains my rationale.

Mr. Czajkowski filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 22, 2010, alleging a disability onset date of November 1, 2008. (Tr. 98-108). His claims were denied initially and on reconsideration. (Tr. 67-70, 76-79). A hearing was held on March 20, 2012 before an Administrative Law Judge ("ALJ"). (Tr. 31-62). During the hearing, the ALJ expressed a willingness to award SSI to Mr. Czajkowski, but not DIB. (Tr. 38-39). Following the hearing, the ALJ found that Mr. Czajkowski became disabled on the date of his application, March 10, 2010, which rendered him eligible for SSI but not for DIB, since his date last insured was March 31, 2009. (Tr. 13-26). The Appeals Council denied Mr. Czajkowski's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ's opinion is not susceptible to effective judicial review due to its convenient but unexplained adoption of March 10, 2010 as the disability onset date. The ALJ appears to have selected the date of Mr. Czajkowski's filing for benefits, despite the fact that there is no apparent change in his medical condition on that date. Although March 10, 2010 is the first date that Mr. Czajkowski would be eligible for SSI, eligibility for SSI has no impact on whether an individual is disabled or not disabled.

In the heading explaining why Mr. Czajkowski is unable to work after March 10, 2010, the ALJ appears to cite "pain from the combination of his impairments and the side effects from his medications" to be the triggering factor. (Tr. 20). Again, there is no evidence that either his

*Stephen Czajkowski v. Commissioner, Social Security Administration*;
Civil No. SAG-13-3261
August 6, 2014
Page 2

pain or his medication side effects changed on March 10, 2010.[1] There is evidence, cited by the ALJ, that in May, 2009, Mr. Czajkowski "reported having fatigue from his medication." (Tr. 21, 190). If the ALJ relied on that evidence to support the finding of disability, then it might be important to see whether that fatigue started anytime before May, 2009, given the proximity to the date last insured on March 31, 2009. However, the ALJ's opinion provides no guidance as to whether it is that fatigue or some other factor triggering the ALJ's determination that Mr. Czajkowski became disabled as of March 10, 2010.

Candidly, the selection of March 10, 2010 as an onset date appears to have been an attempt by the ALJ to shorten the hearing by procuring consent to an amended onset date that would afford Mr. Czajkowski some level of benefits. (Tr. 42) ("I've offered an amended onset date; I'm not hearing anything at this point beyond silence, so I'm going to go on with the hearing. I have several of these to do today –"); (Tr. 43) ("I've offered an amended onset date, that was – what I'm hearing is that it was not accepted. I'm going ahead with the hearing. That offer is off the table. I'm having the hearing. I'm going to decide the case."). Once that attempt to resolve the case by consent was unsuccessful, however, the ALJ had a duty to determine Mr. Czajkowski's actual disability onset date (using, if appropriate, testimony from a medical expert as discussed in *Bird v. Comm. of Soc. Sec. Admin.,* 699 F.3d 337, 344-45 (4th Cir. 2012) if the date of onset is ambiguous), and to provide an explanation of that determination sufficient to permit meaningful review. Because the ALJ did not fulfill those duties, remand is appropriate. In so remanding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Czajkowski became disabled on March 10, 2010 is correct or incorrect, or whether any appropriate disability onset date would be before or after that date.

Mr. Czajkowski's procedural arguments in this case garner increased significance in light of the unexplained onset date. In a letter sent prior to the hearing, and again at the hearing, Mr. Czajkowski's counsel told the ALJ that Mr. Czajkowski had previously applied for benefits, and that there was a consultative examination in the prior file from September, 2009 which had been reviewed by the state agency in denying Mr. Czajowski's pending claim. (Tr. 34-35, 180-81). Mr. Czajkowski's counsel repeatedly requested that the prior file be made part of the record in this case. (Tr. 34-36). The ALJ pulled the consultative examination up on her computer, reviewed the report, and stated, "It is there at my fingertips." (Tr. 36). Mr. Czajkowski's counsel responded, "I don't have it, though. That's the problem." *Id.* The ALJ ruled, "I think that your motion has been satisfied because it's all here." *Id.* She then proceeded to review certain portions of the consultative examination, which she appeared to be reading from her computer screen. (Tr. 36-37). Neither the consultative examination nor the remainder of the prior file became part of the record in the instant case. There is some irony in the Commissioner's argument that, "If Mr. Czajkowski or his attorney believed that there was relevant evidence from an earlier time period that showed greater limitation than documented in the available records, that evidence could have been specifically brought to the ALJ's attention." Def. Mot. 12. Mr. Czajkowski's counsel asked to review the relevant evidence from the earlier

---

[1] In fact, in apparent contradiction of that date, the ALJ subsequently cited a treatment note from March, 2010 that noted Mr. Czajkowski "was calm and pleasant and he reported positive improvement with his depression medications." (Tr. 21) (citing Tr. 251).

*Stephen Czajkowski v. Commissioner, Social Security Administration*;
Civil No. SAG-13-3261
August 6, 2014
Page 3

time period, but was denied access by the ALJ herself.

On remand, to ensure a full and complete medical record, the prior file should be provided to Mr. Czajkowski's counsel to review and to determine what, if any, records from that file are relevant to analysis of the current claim. Using that procedure, the record in this case will accurately contain all of the documents considered by the medical sources, the ALJ, and counsel, which will, if necessary, permit adequate appellate review at a later date.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 21, 23) will be DENIED. The opinion of the Administrative Law Judge is VACATED and the case is REMANDED to the Commissioner for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge